**Affirmed as Modified and Opinion Filed November 6, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00946-CR

**TIONA EVANS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F12-55243-Q**

## MEMORANDUM OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice Francis

Tiona Evans entered an open plea of guilty to prostitution with three or more prior prostitution convictions, and the trial court accepted the plea, found appellant guilty, and sentenced her to two years in state jail. On appeal, she contends the evidence is insufficient to support the trial court's order for court costs and asks this Court to modify the judgment to reflect there was not a plea bargain. We overrule the issue regarding court costs. We modify the judgment as requested and affirm the judgment as modified.

In her second issue, appellant argues the evidence is insufficient to support the trial court's judgment of $244 in court costs because the clerk's record does not contain a bill of costs. Since the filing of the appeal, this Court requested and received a supplemental clerk's record containing the certified bill of costs associated with this case. Accordingly, appellant's

sufficiency complaint is moot. *See Franklin v. State*, 402 S.W.3d 894, 894 (Tex. App.—Dallas 2013, no pet.).

Appellant, however, filed an objection to the supplemental record, arguing the bill of costs (1) was not proper because it was an "unsigned, unsworn" computer printout and (2) was not filed in the trial court or brought to the trial court's attention before costs were entered in the judgment. We recently addressed and overruled these exact complaints in *Coronel v. State*, 05-12-00493-CR, 2013 WL 3874446, at *4–5 (Tex. App.—Dallas July 29, 2013, no pet. h.). Likewise, we overrule the second issue here.

In her first issue, appellant asserts the judgment incorrectly reflects that she entered a plea bargain agreement with the State when the record shows she entered an open plea. We agree. This Court has the authority to correct the judgment of the court below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We sustain the first issue and modify the judgment to delete the language showing the terms of a plea bargain as "2 YEARS STATE JAIL."

We affirm the judgment as modified.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120946F.U05

–2–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

TIONA EVANS, Appellant

No. 05-12-00946-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F12-55243-Q.
Opinion delivered by Justice Francis;
Justices FitzGerald and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To delete the following language under Terms of Plea Bargain:  "2 YEARS STATE JAIL"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered November 6, 2013

/Molly Francis/

MOLLY FRANCIS
JUSTICE